NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

IRINA COLLIER,

*Plaintiff-Appellant*

**v.**

UNIVERSITY OF CALIFORNIA, BERKELEY,

*Defendant-Appellee*

2022-1442

Appeal from the United States District Court for the Northern District of California in No. 3:21-cv-00502-WHA, Judge William H. Alsup.

**ON MOTION**

PER CURIAM.

## O R D E R

Irina Collier moves for various relief.  The court considers its jurisdiction over this matter.

Ms. Collier filed a complaint at the United States District Court for the Northern District of California seeking relief under the False Claims Act.  The district court dismissed her complaint, and the United States Court of

Appeals for the Ninth Circuit dismissed her appeal as frivolous. Ms. Collier then sought the district court's leave to file a motion for reconsideration, which the district court denied on December 13, 2021. On January 3, 2022, Ms. Collier filed an appeal of the December 13, 2021, order at the Ninth Circuit, which is under seal but appears to remain pending. On February 1, 2022, Ms. Collier filed a notice of appeal seeking to challenge the same district court order in this court.

Although this court possesses jurisdiction to review certain decisions of district courts, that jurisdiction is limited in a way that applies here: This court has jurisdiction only over district court cases arising under the patent laws, *see* 28 U.S.C. § 1295(a)(1); or under § 1295(a)(4)(C); or certain cases against the United States for claims "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C. § 1295(a)(2). This court does not have jurisdiction in False Claims Act cases. When this court lacks jurisdiction, it may, pursuant to 28 U.S.C. § 1631, transfer an appeal to the appropriate regional circuit that has jurisdiction. Here, however, the court sees no need to transfer because Ms. Collier already has appealed the December 13, 2021, order to the Ninth Circuit.

Accordingly,

IT IS ORDERED THAT:

(1)  This appeal is dismissed.

(2)  All pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

May 26, 2022                          /s/ Peter R. Marksteiner
    Date                              Peter R. Marksteiner
                                      Clerk of Court